# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of                                                    101 West Lombard Street
**BENSON EVERETT LEGG**                                      Baltimore, Maryland 21201
Chief Judge                                                          (410) 962-0723


June 22, 2005


MEMORANDUM TO COUNSEL RE:     Catherine Howell et al. v. State Farm Insurance
                              Companies et al., Civil No. L-04-1494


Dear Counsel:

This is a proposed class action of homeowners against their insurance companies. Following Hurricane Isabel, Plaintiffs filed insurance claims to rehabilitate or restore their flood-damaged homes. Defendants allegedly failed to honor their contractual obligations.

On April 21, 2005, I held a telephone conference to discuss the pending motions and scheduling in this case. To assist me in determining the best way to proceed, I ordered the parties to brief the alleged common issues in the case. I have reviewed the parties' submissions and thank the parties for being so thorough.

## I.     Pending Motions

Now pending are: (i) Motion to Dismiss Counts II and III of the Amended Complaint, (ii) Motion to Dismiss or Strike Certain Putative Class Claims and Allegations, (iii) Motion to Quash Jury Demand, (iv) Motion to Dismiss Certain Class Counts, Claims and Requests for Relief, and (v) Motion for Leave to Submit Supplemental Authorities.

I have decided to DENY without prejudice all these motions [Docket Nos. 25, 26, 27, 30, 56]. They can be refiled as motions for summary judgment. This ruling is based upon my view that grappling with these motions now, rather than later, would save little discovery, and the facts developed during discovery may shed useful light on the viability of the claims.

## II.        Scheduling Order

After reviewing the parties' proposed Scheduling Orders, I am inclined to set the following schedule for this case:

| | |
|---|---|
| Discovery begins | immediately |
| Deadline for Adding Parties & Amending Pleadings | August 30, 2005 |
| Motion for Class Certification | March 15, 2006 |
| Fact discovery cut-off | March 30, 2006 |
| Opposition to Class Certification | April 15, 2006 |
| Reply in support of Class Certification | May 1, 2006 |
| Identify Experts (both sides) | May 1, 2006 |
| Identify Rebuttal Experts | June 1, 2006 |
| Expert Reports | July 28, 2006 |
| Expert Rebuttal Reports | August 30, 2006 |
| Expert Discovery Cut-Off | September 21, 2006 |
| Dispositive Motions Filed | October 7, 2006 |
| Response to Dispositive Motions | November 9, 2006 |
| Replies to Dispositive Motions | November 31, 2006 |

I am prepared to grant full-blown discovery, rather than limiting it to written discovery.  This decision is predicated on the assumption that discovery on the named Plaintiffs will be sufficient to test the class certification issues and the issues that will be raised at the summary judgment stage.

## III.       <u>Moffett et al. v. Computer Sciences Corp. et al.</u>, Civ. No. PJM-05-1547 (D. Md.)

On June 8, 2005, approximately 130 individuals filed the above captioned suit.  That suit, which involves many of the same Defendants and allegations as the instant suit, is pending before the Honorable Peter J. Messitte in the Southern Division.  Martin H. Freeman represents all the plaintiffs in that suit.

I would like to discuss the factual overlap between Judge Messitte's case and the instant case, including the extent to which the two cases should be coordinated.  Judge Messitte has authorized me to conduct a preliminary inquiry on these issues.  Mr. Freeman shall participate in the telephone conference described below and be prepared to discuss these issues.

**IV.      Telephone Conference**

I will hold a telephone conference on June 28, 2005 at 11:00 a.m.  The purpose of the telephone conference is to discuss the proposed schedule and the case pending before Judge Messitte.

Counsel for Defendants is asked to initiate this conference call.[1]  The conference call will begin with a roll call.  While all counsel should identify themselves, each party should have a lead attorney prepared to speak for it.

Despite the informal nature of this memorandum, it should be flagged as an opinion and docketed as an order.

Very truly yours,


/s/
Benson Everett Legg

c:      Honorable Peter J. Messitte
        Martin H. Freeman, Esq.
        Court File

---

[1] The conference call will be recorded electronically; please, therefore, do not use a speakerphone.  A transcript may be obtained by making arrangements with the Clerk's Office.