## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE HOWELL, et al. | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | Civil No. L-04-1494 |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANIES, et al. | : | |
|     Defendants | | |

## MEMORANDUM

This is a proposed class action of homeowners against their insurance companies.

Defendants filed a Motion to Dismiss Counts II and III of the Plaintiffs' Amended Complaint.

(Docket Nos. 16 and 25).  On June 14, 2006, the Court held a six hour hearing on the motion. On

July 6, 2006, the Court GRANTED Defendants' Motion and dismissed Counts II and III.

(Docket No. 117).  This Memorandum sets forth the Court's reasoning.

**I.     Background**

    **A.     Defendant Insurance Companies**

Defendants[1] are private insurance companies that issue and service Write-Your-Own

(WYO) flood insurance policies under the National Flood Insurance Program (NFIP).  The NFIP

is a federally run program that was created by the National Flood Insurance Act of 1968 (NFIA),

42 U.S.C. §§ 4001-4129.[2]  The NFIP authorizes private insurance companies to sell flood

---

[1]  The defendants are: (i) State Farm Insurance Company, (ii) Omaha Property and Casualty, (iii) Travelers Property Casualty Corp, (iv) USAA General Indemnity Corp, (v) Selective Insurance Company of the Southeast, (vi) Indemnity Insurance Company of North America, (vii) Harleysville Mutual Insurance Company, (viii) Allstate Insurance Company, and (ix) Hartford Financial Services Group.

[2]  The NFIA provides the program's administrator with discretion to choose between two methods of executing the program:

insurance policies on behalf of the United States.[3]   Although each policy is written in the

insurance company's own name, the Federal Emergency Management Agency (FEMA)

administers the NFIP, the WYO policies must mirror the terms and conditions of the federal

government's Standard Flood Insurance Policy (SFIP),[4] and the terms and conditions cannot be

changed without approval of the Federal Insurance Administrator.[5]

      Premiums collected by the WYO companies are deposited in the National Flood

Insurance Fund in the United States Treasury, and payment of claims comes directly out of the

Fund.[6]   When the money in the Fund is insufficient to satisfy the claims, the WYO companies

can draw upon letters of credit from FEMA (which the WYO companies must pay back with

---

     (i)     <u>Plan A ("Industry Program")</u> "allows a pool of private insurers to underwrite flood insurance with financial backing from the government."

     (ii)     <u>Plan B ("Government Program")</u> "allows the government to run the NFIP itself - offering federally underwritten policies - with the potential for administrative assistance from private insurers."

<u>Battle v. Seibels Bruce Ins. Co.</u>, 288 F.3d 596, 598-99 (4th Cir. 2002); <u>see also</u> 42 U.S.C. §§ 4051, 4052, 4071.  From 1968 through 1977, the program was executed under Plan A.  In 1977, the Secretary of Housing and Urban Development, who administered the program at the time (the NFIP's administration has since been assigned to FEMA), switched to Plan B.  <u>See</u>  42 Fed. Reg. 58569-03 (1977); <u>see also</u> <u>Battle</u>, 288 F.3d at 599.  From 1977 until 1983, the government, therefore, maintained complete control over the payment and disallowance of claims.  In 1983, however, FEMA created the WYO program, "whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under [Plan B]".  <u>See</u> <u>Battle</u>, 288 F.3d at 599; <u>see also</u> 44 C.F.R. §§ 62.23-24.

  [3]  <u>See</u> 44 C.F.R. § 62.23-24.

  [4]  SFIPs are "single risk" policies that pay only for "direct physical loss by flood." <u>Wagner v. Director, FEMA</u>, 847 F.2d 515, 521 (9th Cir. 1988).

  [5]  44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c), (d); <u>see also</u> <u>Battle</u>, 288 F.3d at 599.

  [6]  <u>See</u> 42 U.S.C. §§ 4017, 4018; <u>see also</u> <u>Battle</u>, 288 F.3d at 599-600.

interest).[7]  The federal government compensates the WYO companies by paying them a percentage of the amounts paid out to policy holders.[8]

### B.    Plaintiffs' Claims

Following Hurricane Isabel in September 2003, Plaintiffs filed insurance claims to rehabilitate their flood-damaged homes.  All of the Plaintiffs settled their claims with Defendants for an amount below the policy limit.  Plaintiffs now allege that Defendants failed to honor their contractual obligations under the policies.[9]  On September 30, 2004, Plaintiffs filed a three count Amended Complaint:

> Count I:       breach of contract
>
> Count II:      breach of the implied covenant of good faith and fair dealing
>
> Count III:     breach of fiduciary duty

Defendants ask the Court to dismiss Counts II and III for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II.    Standard

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove

---

[7]  See 42 U.S.C. § 4016; Battle, 288 F.3d at 599-600.

[8]  See 44 C.F.R. Pt. 62 App. A, Art III.

[9]  Plaintiffs argue that Defendants (i) failed to advise the policyholders that FEMA extended the 60-day claims deadline, (ii) pressured policy holders to accept the company's claim estimates, (iii) created incentives for adjusters to dispose of claims quickly, (iv) construed policy terms to exclude some flood-related damage, and (v) used inaccurate and unrealistic pricing data. (Pls. Opp. to Defs. Mot. to Dismiss, p. 11).

no set of facts in support of its claim that entitle it to relief.[10]  The liberal pleading requirements

of Rule 8(a) demand only a "short and plain" statement of the claim.  In evaluating such a claim,

the Court must accept as true all well-pleaded allegations of fact and view them in the light most

favorable to the plaintiff.[11]  In essence, the legal theory articulated, or even suggested, by the

non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III.    Analysis

Disputes regarding "the handling of any claim under [the SFIPs] are governed

exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance

Act of 1968, ... and Federal common law."[12]  After reviewing the relevant law, it is apparent that

there is no independent cause of action for (i) breach of the implied covenant of good faith and

fair dealing, or (ii) breach of fiduciary duty.[13]

---

[10]  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

[11]  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

[12]  65 Fed. Reg. 60758-01, 60777 (2000) (citations omitted).  The parties do not dispute that federal common law controls whether Plaintiffs can state a claim for either breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty.  See e.g. Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 380 (4th Cir. 2004); Battle, 288 F.3d at 607 ("The law is well settled that federal common law alone governs the interpretation of insurance policies issued pursuant to the NFIP" (emphasis in original)); Leland v. Fed. Ins. Adm., 934 F.2d 524, 529 (4th Cir.1990) ("Federal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program."); West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978) ("Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.").

[13]  The Plaintiffs limit their claims to those recognized under federal common law and do not purport to raise state law claims.  (Pl.'s Opp., p. 3) ("Plaintiffs' claims are pled exclusively under the federal common law.").

The parties agree that neither the NFIA nor the FEMA regulations create such causes of action. Moreover, the Court has been unable to find any case law creating such a right under federal common law.[14] Of the courts that have addressed this issue, each has refused to recognize such a remedy.[15]

Plaintiffs rely on several Court of Federal Claims cases to argue that federal common law creates these extra-contractual remedies.[16] These cases must be distinguished, however. None were decided under the NFIA, and each involved an individually negotiated government contract. Moreover, unlike the NFIP, the terms of these contracts were not dictated by federal

---

[14] In Reeder v. Nationwide Mutual Fire Ins., Co., 419 F. Supp. 2d 750, 759 (D. Md. 2006), this Court held that state law tort claims for negligence, intentional misrepresentation, negligent misrepresentation, fraud, and deceit were valid because they involved misrepresentations made to the Plaintiffs during the procurement of the SFIP. Reeder is limited to tort claims stemming from the procurement of an insurance policy and does not bear on disputes "arising out of the handling of any claim" under the NFIP. See id. at 763 n.15 (recognizing that "a different analysis might apply to state law tort claims arising out of misrepresentations made during the claims handling process.").

[15] See Scritchfield v. Mutual of Omaha Ins. Co., 341 F. Supp. 2d 675, 681 (E.D. Tex. 2004) (holding that the plaintiffs "have not asserted any recognized federal common law theory, but have merely repackaged their state law claims which they have already dismissed" under a preemption analysis); Wright v. Allstate Ins. Co., Civil No. H-03-0915 (S.D. Tex. 2005) (unpublished) ("Before the Court are plaintiff's motion for leave to file federal common law causes of action . . . . The Court is not aware by the pleading or otherwise of any federal common law cause(s) of action that might be asserted by the plaintiff. It appears from the motion that the proposed causes of action are merely state law causes of action that are preempted by the federal insurance programs.").

[16] See Temple-Inland v. United States, 59 Fed. Cl. 550, 559 (2004) ("All contracts, including government contracts, contain an implied covenant of good faith and fair dealing." (quoting Centex Corp. v. United States, 48 Fed. Cl. 625, 708 (2001))); S. Cal. Edison v. United States, 58 Fed. Cl. 313, 325 (2005) ("[T]he government has long been held to have an implied affirmative duty, closely related to the implied covenant of good faith and fair dealing, to disclose superior knowledge that is required for the performance of a contract to which it is a party."); Travelers Indemnity Co. v. United States, 16 Cl. Ct. 142, 149 (1988) (holding that the court has subject matter jurisdiction over breach of implied covenant claims).

regulation.  Accordingly, this Court declines to recognize a common law cause of action for breach of the implied covenant of good faith and fair dealing or breach of fiduciary duty.[17]

## IV.      Conclusion

For the foregoing reasons, the Court, by Order dated July 6, 2006, GRANTED Defendants' Motion to Dismiss and dismissed Counts II and III of Plaintiffs' Amended Complaint.  (Docket No. 117).  The case will proceed on Count I.

Dated this 15th day of September, 2006.

_____/s/_____
Benson Everett Legg
Chief Judge

---

[17]  Defendants raise two additional arguments:

(i)        common law created extra-contractual remedies violate the Appropriations Clause because any payouts come directly from the United States Treasury and Congress has not approved such an expenditure (Defs. Mot. to Dismiss, p. 26); and

(ii)       the Separation of Powers Doctrine bars Counts II and III because the Court cannot legislate new remedies under the NFIA (Defs. Mot. to Dismiss, p. 31).

These arguments are tautological.  If the Court were to find that the NFIA creates a cause of action for breach of the implied covenant of good faith and breach of fiduciary duty, there would not be an Appropriations Clause or Separation of Powers violation.  Plaintiffs' claims are dismissed because the statute, regulations, and common law do not create these causes of action.